IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CORDELL MINOR,**

    **Plaintiff,**

v.                                                     Civil Action No. 3:20-CV-62
                                                                                (GROH)

**BUREAU OF PRISONS,**
**DR. EMMANUEL ADAMS,**
**AMY ARMEL, and**
**DEPARTMENT OF JUSTICE,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 14, 2020, the *pro se* Plaintiff, who is a federal prisoner incarcerated in the Northern District of West Virginia, initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). ECF No. 1. Two separate motions to dismiss or for summary judgment were filed by Defendants on September 3, 2020, and September 25, 2020. ECF Nos. 18, 32.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this action on April 14, 2020, while incarcerated[1] at USP Hazelton in the Northern District of West Virginia, alleging that: (1) he did not receive necessary medical treatment for breathing difficulties which he asserts he did not have prior to his incarceration; (2) Defendants were deliberately indifferent to his need for medical treatment; (3) Defendants were deliberately indifferent to both his breathing difficulties, and his subsequently diagnosed depression. ECF No. 1 at 7 – 8. Plaintiff asserts the following injuries as a result of the Defendant's actions: (1) he contracted a lung infection; (2) the infection caused "a scar on [his] lung" which limits his lung capacity; (3) he is at high risk of contracting COVID-19; (4) he has received inadequate medical treatment; (5) he has resulting psychological issues including difficulty sleeping; and (6) has been diagnosed with depression. Id. at 9. Plaintiff further asserts he has been treated differently from other inmates because of his race. Id. Plaintiff seeks $5,000,000.00, plus interest, and asks that he not be retaliated against. Id.

As attachments to his initial complaint, Plaintiff filed copies of: (1) a TRULINCS email exchange with FCI Health Services [ECF No. 1-3 at 1]; (2) an administrative remedy request [Id. at 2]; (3) administrative remedy number 976554-F1 which denied Plaintiff relief [Id. at 4]; (4) a notice from Amy Armel (Armel) which reported "no concerning results" following a medical test [Id. at 5]; (5) administrative remedy number 976554-R1 which denied Plaintiff relief [Id. at 6]; (6) submission of administrative remedy 977715-A1 stamped received on August 5, 2019 [Id. at 7]; (7) administrative remedy number 976554-

---

[1] According to the Bureau of Prisons inmate locator website, Plaintiff remains incarcerated at Hazelton FCI, with a projected release date of May 27, 2024. https://bop.gov/inmateloc/

2

A1 which denied Plaintiff relief [Id. at 8 – 9]; (8) administrative remedy number 977715-A1 [Id. at 10] and (9) administrative remedy 993073-F1 which denied Plaintiff relief [Id. at 11].

Defendants filed two motions to dismiss or for summary judgment along with memoranda and exhibits in support thereof.  ECF Nos. 18, 18-1, 19 at 2, 19-1, 32, 32-1 through 32-5, 34-1, 34-2.[2]  Defendant Emmanuel Adams' (Adams) motion to dismiss or for summary judgment filed on September 3, 2020, argues that: Plaintiff's claims must be dismissed because: (1) Adams is not and never has been employed by the United States government, and is thus immune from Bivens liability; (2) Plaintiff had an adequate state law remedy available to redress his allegations against Adams; and (3) Plaintiff failed to comply with the statutory prerequisites for filing suit pursuant to West Virginia's Medical Professional Liability Act (MPLA) codified at W.Va. Code § 55-7B-1, including serving both notice of claim and a screening certificate upon Adams at least 30 days prior to filing suit. ECF No. 19 at 4 – 7.  Further, in the memorandum attached to Armel's motion to dismiss or for summary judgment, Armel states that, "Defendant Dr. Emmanuel Adams is a contract physician with the BOP, the United States does not represent him in this matter, and proceeds with this motion solely on behalf of Defendant Amy Armel. Plaintiff also names the Bureau of Prisons and the Department of Justice as defendants; however, entities are not proper defendants in a Bivens case."  ECF No. 32-1 at 1, n. 1.

Armel argues in her motion to dismiss or for summary judgment, filed September 25, 2020, that: (1) Armel is entitled to absolute immunity because she is a medical provider of the United States Public Health Service; and (2) Plaintiff fails to demonstrate that Armel acted with deliberate indifference which is necessary to merit relief under Bivens.

---

[2] The Court notes that more than 260 pages of medical records were also filed as exhibits under seal.  ECF Nos. 34-1, 34-2.

Plaintiff filed a motion for summary judgment on September 29, 2020, wherein he argues that he is entitled to summary judgment as to the BOP, Armel and Department of Justice because those Defendants had not responded to the complaint. Id. However, Defendants BOP, Armel and Department of Justice filed a motion to dismiss [ECF No. 32] or for summary judgment four days before Plaintiff filed his motion for summary judgment. ECF No. 35.

On September 16, 2020, Plaintiff filed a response in opposition to Adams's motion to dismiss or for summary judgment. ECF No. 28. Therein, Plaintiff argues that Defendants intentionally violated Plaintiff's due process rights and intentionally delayed his medical care, and thus summary judgment is not warranted. Id. at 1 – 2.

On October 16, 2020, Plaintiff filed a response in opposition to Armel's motion to dismiss. ECF No. 38. Therein, Plaintiff argues: (1) that Armel misstated facts in ECF No. 28[3] at 1 – 2 [Id. at 1]; (2) that the doctrine of respondeat superior imposes liability on Armel's employer, and that Armel is clearly a BOP employee [Id. at 1 – 2]; (3) that Adams withdrew Plaintiff from his medication prior to testing, which violated Plaintiff's due process rights [Id. at 3]; and (4) that Plaintiff did not consent to some action[4] taken by Armel [Id.].

---

[3] The Court notes that Plaintiff cites to his own pleading [ECF No. 28], stating: "Federal Bureau of Prisons, contracted (USPHS) Amy Armel has made a clear FRAUDULENT MISREPRESENTATION through a misstatement of facts. ECF No. 28 at 1 – 2." (Emphasis in original).

[4] Plaintiff's claim is difficult to discern. He writes, "[O]n 8-19-20, Minor was [taken to] the hospital, then provided medication on 9-10-20, See medical records, [Plaintiff] did not consent to provided [sic] by Armel." The Court notes that because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him. Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

### III. LEGAL STANDARD

#### A. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

#### B. Civil Rights Actions Under Bivens.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

Pursuant to Bivens, an individual federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[6] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

### C. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the

---

[6] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

6

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a

legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### D. Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

### IV. ANALYSIS

#### A. Improper Parties: Bureau of Prisons and Department of Justice

In FDIC v. Meyer, 510 U.S. 471, 486 (1994), the Court held that Bivens claims may not be brought against a federal agency, and that federal agencies may not be held liable in a Bivens claim. The Federal Bureau of Prisons and the Department of Justice are named as defendants in this Bivens action. However, pursuant to the clear holding of FDIC v. Meyer, neither federal agency is a proper defendant in a Bivens action. Accordingly, because the Supreme Court has expressly held that such agencies are not liable in Bivens actions, the Bureau of Prisons and the Department of Justice merit dismissal from this action with prejudice.

#### B. Immunity of Defendant Armel

Although Plaintiff has made specific allegations against Armel, Armel is nonetheless immune from suit under a Bivens action. The Supreme Court has held that U.S. Public Health Service (PHS) personnel charged with constitutional violations arising out of their official duties must be sued for damages for harms caused in the course of their employment, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–

2680. Hui v. Castaneda, 559 U.S. 799, 801–02 (2010). The Court further concluded that based on the plain language of 42 U.S.C. § 233(a), "that PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of such conduct." Id.

Accompanying Armel's motion to dismiss, is a declaration by Armel that she is a Physician Assistant at the Federal Correctional Complex Hazelton and is employed by the United States Public Health Service. ECF No. 32-2 at 1. Additionally, Plaintiff's complaint and memorandum in support thereof appear to acknowledge Armel's status as a PHS employee, based on Plaintiff's identification of Armel as a "BOP Employee" who is a "nurse practitioner" at Hazelton. ECF No. 1 at 1, 2.

Accordingly, based on her status as a PHS employee, and pursuant to the holding of Hui v. Castaneda, Armel is immune from suit in a Bivens action. Thus, Plaintiff has failed to state a claim upon which relief may be granted as to Armel, and she should be dismissed with prejudice from this action.

### C. Immunity of Defendant Adams

Adams asserts that he is not now and has never been employed by the United States government. ECF No. 19-1. Further, Armel and the government agencies agree that Adams is not a federal employee. ECF No. 32-1 at 1, n. 1. The purpose of Bivens is to deter federal officers from committing constitutional violations, and thus pursuant to Bivens, an individual federal agent may be held liable for actions in excess of the authority delegated to him. See Bivens, 403 U.S. at 397, and Malesko, 534 U.S. at 70. Because Adams is not an agent of the federal government, Plaintiff has failed to state a claim upon which relief can be granted in a Bivens action as it relates to Adams.

Defendant Adams further argues that Plaintiff cannot plead his claim through an

alternative theory under the Federal Tort Claims Act (FTCA). Adams asserts this defense because pursuant to 28 U.S.C. § 1346(b)(1), the FTCA allows a plaintiff to bring tort claims against the United States based on "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Moreover, Adams argues that if Plaintiff is entitled to a relief for any care provided by Adams, then that remedy lies under the Medical Professional Liability Act (MPLA) codified at W.Va. Code § 55-7B-1 et seq. Further, Adams argues that pursuant to that statute, Plaintiff had an affirmative duty to first notify the healthcare provider of the claims asserted, and second to provide a screening certificate of merit thirty days prior to filing suit, both of which Plaintiff failed to do. ECF No. 19 at 5 – 6. The failure to comply with the MPLA's pre-suit notice requirements constitutes a jurisdictional defect which cannot be cured. State ex rel. PrimeCare Medical of West Virginia, Inc. v. Faircloth, 242 W.Va. 335, 341, 835 S.E.2d 579, 585 (2019). In its opinion, the West Virginia Supreme Court of Appeals wrote:

> [T]he statute could not be clearer: "[*N*]*o person may file* a medical professional liability action against any health care provider *without complying with the provisions of this section* [i.e., W. Va. Code § 55-7B-6]" (emphasis added). . . . Accordingly, we hold that the pre-suit notice requirements contained in the MPLA are jurisdictional and that failure to provide such notice deprives a circuit court of subject matter jurisdiction.

Id. Here, Plaintiff failed to allege a claim under the MPLA, but even if he had, he failed to comply with the mandatory provisions of W. Va. Code § 55-7B-6, without which courts are deprived of subject matter jurisdiction for suit.

Thus, for all these reasons, Plaintiff has failed to state a claim upon which relief may be granted as to Adams, and the complaint should be dismissed with prejudice as

12

to Adams.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE.**

It is further **RECOMMENDED** that Defendants' motions to dismiss [ECF Nos. 18, and 32] be **GRANTED**. It is also **RECOMMENDED** that Plaintiff's motion for summary judgment [ECF No. 35] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the

*pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

    DATED:    June 2, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE