# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CORDELL MINOR,**

    Plaintiff,

**v.**                                         **CIVIL ACTION NO.: 3:20-CV-62 (GROH)**

**BUREAU OF PRISONS,**
**DR. EMMANUEL ADAMS,**
**AMY ARMEL, and**
**DEPARTMENT OF JUSTICE,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on June 2, 2021. ECF No. 57. In his R&R, Magistrate Judge Trumble finds that the Plaintiff has failed to state a claim upon which relief can be granted and recommends that the Plaintiff's complaint [ECF No. 1] be dismissed with prejudice, that the Defendants' motions to dismiss [ECF Nos. 18 & 32] be granted, and that the Plaintiff's motion for summary judgment [ECF No. 35] be denied.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of the magistrate judge's findings where objection is made. However, the Court is not

required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and of a plaintiff's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Magistrate Judge Trumble entered his R&R on June 2, 2021. ECF No. 57. The Plaintiff timely filed objections to the R&R on June 9, 2021. ECF No. 59. Accordingly, the Court will review the portions of the R&R to which Plaintiff objects de novo.

## II. Discussion

On April 14, 2020, the Plaintiff, while incarcerated at USP Hazelton in Bruceton Mills, West Virginia, initiated this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). ECF No. 1. The complaint alleges: (1) he did not receive necessary medical treatment for breathing difficulties that he did not have prior to his incarceration, (2) the named Defendants were deliberately indifferent to his need for medical treatment, (3) the Defendants were deliberately indifferent to both his breathing difficulties and his subsequently diagnosed depression. Id. at 7–8. The Plaintiff further alleges that he has been treated differently from other inmates because of his race. Id. at 9. For relief, he seeks $5,000,000.00, plus interest, and asks that he not be retaliated against. Id.

In his R&R, Magistrate Judge Trumble finds that the named Defendants are improper parties for the Plaintiff's claims because they are both immune from suit under a Bivens action. ECF No. 57 at 10–12. As to the Bureau of Prisons ("BOP") and the Department of Justice, the Supreme Court has expressly held that such agencies are not liable in Bivens actions. See FDIC v. Meyer, 510 U.S. 471, 486 (1994). As to Defendant Armel, a Physician's Assistant at USP Hazelton, the R&R finds that she is immune from suit under a Bivens action because she is a U.S. Public Health Service ("PHS") employee. See Hui v. Castaneda, 559 U.S. 799, 801–02 (2010) (stating that PHS employees charged with constitutional violations arising out of their official duties must be sued for damages under the Federal Tort Claims Act). Finally, as to Defendant Adams, the R&R finds that he is immune from suit under a Bivens action because he is not, and never has been, employed by the United States government. See Bivens, 403 U.S. at 397 (holding that in order to deter federal officers from committing constitutional violations, an individual federal agent may be held liable for actions in excess of authority delegated to him). Accordingly, Magistrate Judge Trumble recommends that the Court dismiss the Plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted.

In his objections, the Plaintiff does not argue against the R&R's finding that the Defendants are improper parties to a suit under a Bivens action. Instead, the Plaintiff argues that the magistrate judge erred in denying his request to convert his Bivens claim to a torts claim under the Federal Torts Claim Act ("FTCA"). ECF No. 59 at 1. He avers that as a pro se plaintiff, the magistrate judge should have construed his claims to arise

3

under the FTCA and not under <u>Bivens</u>.  <u>Id.</u>

The FTCA is a statutory cause of action that waives the United States' sovereign immunity and authorizes suits for money damages to be brought against the United States based on some types of negligent acts or omissions of federal employees, and, in some instances, the intentional misconduct of such employees.  <u>See</u> 28 U.S.C. §§ 1346(b), 2671 <u>et seq</u>.  In contrast to a <u>Bivens</u> action, the defendant in a claim under the FTCA is always the United States.  <u>See id.</u>  Thus, the named Defendants here would still be improper parties.  More importantly, however, a <u>Bivens</u> claim cannot be converted to a tort claim mid-stream because FTCA claims carry their own specific requirements for filing.  Accordingly, the Court finds that the magistrate judge did not err in denying the Plaintiff's request to convert his claims to a torts claim.  The Court notes that Magistrate Judge Trumble provided the Plaintiff with the court-approved form for filing an FTCA complaint and advised the Plaintiff that he could file such a complaint if he so chooses.  ECF No. 53.  Thus, the Court **OVERRULES** the Plaintiff's objections.  The Court shall review the remainder of the R&R for clear error.

### III. Conclusion

Accordingly, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 57] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein.  Therefore, Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.  Additionally, the Defendants' motions to dismiss [ECF No. 18 & 32] are **GRANTED**, and the Plaintiff's motion for summary judgment [ECF No. 35] is **DENIED**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the pro se Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** July 2, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE